UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DISCOVERORG DATA, LLC,**<br><br>                              Plaintiff,<br><br>v.<br><br>**GUIDA ADVISORY SERVICES, INC.,**<br><br>                              Defendant. | Case No. 1:19-cv-19651-RMB- AMD<br><br>**DECLARATION OF MARK A. SALOMAN**<br><br>*Electronically Filed* |

**MARK A. SALOMAN, ESQ.**, hereby declares and says:

1. I am an attorney licensed to practice law in the State of New Jersey and this District Court and a Partner with the law firm of FordHarrison LLP, attorneys for Plaintiff ZoomInfo Technologies LLC f/k/a DiscoverOrg Data, LLC ("DiscoverOrg"). I submit this Declaration in support of the motion to seal material that includes certain DiscoverOrg confidential information, including the identity of a former DiscoverOrg customer, and sensitive financial and pricing information that would give DiscoverOrg's competitors a competitive advantage if made publicly available (the "Confidential Information").

2. Redacted versions of the documents described below were filed with the court on June 12, 2020 (ECF 16 through 16-5) in support of Defendant's Motion for Entry of Default Judgment. DiscoverOrg wishes to submit unredacted versions of these documents in further support of its motion, for the Court's consideration.

**The nature of the materials or proceedings at issue and the legitimate private or public interest which warrant the relief sought:**

3. The materials sought to be sealed include: 1) the identity of a former DiscoverOrg client whose account was used by Defendant to improperly access and download data from Plaintiff's database; 2) the amount of the yearly subscription fee paid by this former

client to DiscoverOrg; and 3) the minimum price DiscoverOrg would quote a prospective client for access and permission to use the DiscoverOrg database that was comparable to the former client's subscription.

4. DiscoverOrg has a legitimate interest in keeping these materials sealed from the public. DiscoverOrg's current and former clients expect that their use of DiscoverOrg's database does not become public knowledge. This allows the client or former client to maintain a competitive advantage amongst its peers. Furthermore, if the identity of the third-party former client whose account was improperly used by Defendant is made public, this could result in unnecessary adverse consequences to the former client, such as damage to its reputation.

5. DiscoverOrg legitimately needs to keep its pricing structure confidential. DiscoverOrg treats this information as a trade secret, and steadfastly guards it from outside disclosure. Disclosure of this information would allow DiscoverOrg's competitors to undercut DiscoverOrg, and will put Plaintiff at a competitive disadvantage. DiscoverOrg should be allowed to realize the benefits of its efforts to keep its sensitive pricing data confidential, while also pursuing those who have improperly accessed and used its proprietary database.

6. There does not appear to be any strong countervailing public interest in the disclosure of DiscoverOrg's clients and pricing structure.

**The clearly defined and serious injury that would result if the relief sought is not granted:**

7. As noted above, if the identity of DiscoverOrg's former client were made public, it could damage the former client's reputation, and it may also negatively impact DiscoverOrg's ability to attract and retain clients. Moreover, public disclosure of DiscoveryOrg's confidential pricing structure would result in serious injury to Plaintiff and will place it at a disadvantage amongst its competitors.

**Why a less restrictive alternative to the relief sought is not available:**

8. There does not appear to be a less restrictive alternative to the relief requested. Moreover, sealing the confidential materials from the public record does not impugn or impact the public or the general welfare in any cognizable way.

9. There is no prior order sealing the confidential materials at issue and no party or nonparty is known to object to the sealing request.

I hereby certify that the foregoing statements made by me are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

                                        s/ *Mark A. Saloman*

                                        MARK A. SALOMAN

Dated: Berkeley Heights, New Jersey
              June 17, 2020

WSACTIVELLP:11581129.1