[Docket Nos. 16, 17]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

DISCOVERORG DATA, LLC,

        Plaintiff,

   v.

GUIDA ADVISORY SERVICES, INC.,

        Defendant.

Civil No. 19-19651 (RMB/AMD)

**FINAL JUDGMENT AND ORDER**
**GRANTING PLAINTIFF'S MOTION**
**FOR DEFAULT JUDGMENT**
**AGAINST DEFENDANT**

**RENÉE MARIE BUMB, United States District Judge**

    This matter comes before the Court on the Motion for Default Judgment [Docket No. 16] and the Motion to Seal [Docket No. 17] brought by Plaintiff DiscoverOrg Data, LLC. At Oral Argument on February 9, 2021, the Court granted, in part, Plaintiff's Motion for Default Judgment, with respect to Counts I and II of Plaintiff's Complaint. The Court's ruling was limited to Plaintiff's requested compensatory damages and attorneys' fees. The Court did not rule on Plaintiff's Motion to Seal [Docket No. 17], on Plaintiff's request for exemplary damages, or on Counts III, IV, V, and VI. The Court requested additional submissions from Plaintiff with respect to the exemplary damages issue.

    On February 22, 2021, Plaintiff dismissed without prejudice Counts III, IV, V, and VI of its Complaint. [Docket No. 27.] Therefore, the only remaining issues before the Court are the

exemplary damages issue and the Motion to Seal. On February 23, 2021, Plaintiff submitted two additional declarations to support its request for exemplary damages. [Docket No. 28.]

An award of exemplary damages requires the plaintiff to show "willful and malicious conduct" by the defendant. Plaintiff's supplemental declarations, in addition to its arguments made at oral argument, demonstrate that Defendant's actions were, in fact, willful and malicious. To wit, Plaintiff presented evidence indicating that Defendant knowingly, intentionally, and without authorization accessed at least 67,000 records from Plaintiff's database by utilizing the login information of one of Plaintiff's legitimate customers. [See Docket No. 28-1.] Defendant's conduct was willful and malicious insofar as it amounted to an intentional exploitation of Plaintiff's trade secrets without authorization and for Defendant's own personal gain. Therefore, given the evidence presented by Plaintiff, exemplary damages are appropriate here, in the amount sought by Plaintiff.

With respect to its Motion to Seal, Plaintiff sufficiently describes each of the requirements under Local Civil Rule 5.3(c)(3).[1] [See Docket No. 17-2.] Therefore, the Court will grant Plaintiff's Motion to Seal.

---

[1] Motion to Seal must describe "with particularity":

    (a) the nature of the materials or proceedings at issue;
    (b) the legitimate private or public interest which warrant the relief sought;

In light of the above and in accordance with the findings and rulings made on the record on February 9, 2021,

**IT IS**, this **24th** day of **February** 2021, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment [Docket No. 16] is **GRANTED** with respect to Counts I and II; and it is further

**ORDERED** that the Motion for Default Judgment is **DISMISSED AS MOOT** with respect to Counts III, IV, V, and VI; and it is further

**ORDERED** that Plaintiff is entitled to compensatory damages in the amount of $224,227; exemplary damages in the amount of $448,454; and attorneys' fees and costs in the amount of $4,434.74; and it is further

**ORDERED** that judgment is entered in favor of Plaintiff DiscoverOrg Data, LLC, and against Defendant Guida Advisory Services, Inc., in the amount of **$677,115.74**; and it is further

**ORDERED** that Plaintiff's Motion to Seal [Docket No. 17] is **GRANTED**; and it is finally

---

(c) the clearly defined and serious injury that would result if the relief sought is not granted;
(d) why a less restrictive alternative to the relief sought is not available;
(e) any prior order sealing the same materials in the pending action; and
(f) the identity of any party or nonparty known to be objecting to the sealing request.

L. Civ. R. 5.3(c)(3).

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

RENÉE MARIE BUMB
United States District Judge